UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>    v.<br><br>ELISABETH E. LENDERMAN,<br><br>    Respondent. | Case No. 3:13-cv-2732-BTM (DHB)<br><br>ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS |

The Government has petitioned the Court for an order enforcing the Internal Revenue Service ("IRS") Summons issued to Elisabeth E. Lenderman ("Respondent"). On December 2, 2013, the Court issued an order to show cause why the IRS summons should not be judicially enforced. On January 3, 2014, the IRS personally served Respondent with copies of the order to show cause, the Government's petition to enforce and supporting declaration. Respondent did not file a written response to the order to show cause.

The hearing was held on the Government's petition on January 24, 2014, at 2:00 p.m. The Government was represented by Assistant United States Attorney ("AUSA") Laura Grimes. Respondent did not appear. For the reasons explained herein, the Government's petition to enforce the summons is granted.

///

///

BACKGROUND

On March 15, 2013, R. Strickle, a Revenue Officer employed by the IRS, issued an IRS summons to Respondent.   [Declaration of Revenue Officer R. Strickle in Support of Petition, ("Strickle Decl."), ¶ 3.]  The IRS is conducting an investigation to determine Respondent's ability to pay, and to find levy sources for, her outstanding civil penalty tax liabilities for various quarters in 2002, 2003 and 2004.  [Id. at ¶ 2.]  On March 18, 2013, Revenue Officer Strickle served a copy of the summons on Respondent by leaving an attested copy attached to the door of Respondent's last and usual place of abode.  [Id. at ¶ 4.]

The summons called for Respondent to appear before the IRS on April 4, 2013, at 10:00 a.m.  [Id. at ¶ 5.]  On April 4, 2013, Respondent did not appear before the IRS as directed and did not provide any of the summonsed information.  [Id.]  The Office of Division Counsel of the IRS subsequently sent a letter to Respondent directing her to appear before the IRS on July 2, 2013.  [Id. at ¶ 6.]  AUSA Grimes sent a letter to Respondent advising her to appear before the IRS on August 26, 2013, if she wanted to avoid the initiation of enforcement proceedings in federal court.  [Id. at ¶ 7.]  Respondent did not provide the IRS with the testimony and documents requested by the summons.  [Id. at ¶ 8.]

On November 14, 2013, the Government petitioned the Court to enforce the summons.  On December 2, 2013, the Court set a hearing date for this matter and ordered Respondent to show cause why she should not be compelled to comply with the IRS summons.  Respondent did not file a written response to the order to show cause.  On January 24, 2014, the Court held a hearing on the order to show cause.

DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant or material" in connection with "ascertaining the correctness of any return, making a

2

return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability."   Section 7602(a)(2) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code."   Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120.  Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process.  Powell, 379 U.S. at 58.  The Ninth Circuit has characterized respondent's burden as a heavy one.  Fortney, 59 F.3d at 120.

The Government's petition and Revenue Officer Strickle's supporting declaration satisfy all four elements of the Powell standard.  First, the IRS is conducting an investigation with respect to the determination of Respondent's ability to pay her outstanding tax liabilities for various tax periods in 2002, 2003 and 2004.  [Strickle Decl., ¶ 2.]  Such an investigation is expressly authorized by 26 U.S.C. § 7602(a).  The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability."  26 U.S.C. § 7602(a).  Thus, the summons was issued for a legitimate purpose.  Second, Revenue Officer

Strickle has declared in his affidavit that the information requested by the summons may be relevant to the IRS determination of Respondent's ability to pay her outstanding tax liability.  [Id. at ¶ 11.]  Third, the IRS does not already possess the testimony, papers, records, and other data sought by the summons issued to Respondent.  [Id. ¶ 9.]  Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summons.  [Id. at ¶ 8.]  Thus, the Government has made a prima facie showing that it is entitled to judicial enforcement of the summons.

## CONCLUSION

For the reasons set forth herein, the Government's petition to enforce the IRS summons is GRANTED.  Respondent, Elisabeth E. Lenderman, is directed to appear before IRS Revenue Officer R. Strickle or a designee, on February 18, 2014, at 10:00 a.m., at the offices of the Internal Revenue Service located at 333 West Broadway, 9th Floor, Room 914, San Diego, California, 92101, and to produce the documents and give testimony as directed in the summons.  The Government shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the Government, or as soon thereafter as possible.  Proof of service shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject her to sanctions for contempt of court.

IT IS SO ORDERED.

**Dated:** January 28, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

4